# EXHIBIT NO. 1



## 34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO. 116 229  DIVISION " 

**GLENN SCHAEFER, individually and on behalf of his minor children, SARA SCHAEFER and ETHAN SCHAEFER, JULIE SCHAEFER, individually and SETH SCHAEFER, individually**

### VERSUS

**KODIAK MFG, INC. AND EUGENE MOLINARY**

FILED: _____JUL 2 7 2010_____         _____Lyn R. Torres._____
                                              DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of plaintiffs Glenn Schaefer, individually and on behalf of his two minor children, Sara Schaefer and Ethan Schaefer, and Julie Schaefer, and Seth Schaefer, persons of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, by and through undersigned counsel, respectfully represent that:

1.

Made defendants herein are:

    a. KODIAK MFG, INC., ("Kodiak") a foreign corporation licensed to do and doing business in this Parish and State; and,

    b. EUGENE MOLINARY, ("Molinary") a person of the full age of majority who is domiciled in this Parish and State.

2.

On or about Friday, August 21, 2009, in Jefferson County, Mississippi, defendant, Molinary, was operating a tractor and rotary cutter attachment manufactured by defendant, Kodiak MFG, Inc.

3.

The Kodiak rotary cutter was owned by plaintiff, Glenn Schaefer, who was also present in Jefferson County, Mississippi. Plaintiff and defendant, Molinary, were preparing an area for deer hunting in Jefferson County, Mississippi.

08/30/2010 13:21 FAX 5045868911          THE ANDRY LAW FIRM                    ☒010

4.

On that day, plaintiff was in a wooded area and when he returned from the wooded area, stepped onto the rotary cutter manufactured by Kodiak. He did not know, nor was there any warning to plaintiff, that he should not stand on the rotary cutter, or to guard or protect himself from the universal joint.

5.

Unbeknownst to plaintiff, at the time he stepped on the Kodiak rotary cutter, defendant, Molinary, had the tractor and rotary cutter in gear. There was no guard or housing on the universal box or any type of protection protecting the universal box from being stepped on or contacted by plaintiff. Further, there was no warning on the rotary cutter warning plaintiff to stay away from the universal joint.

6.

On that day and at that time, plaintiff's left pant leg was grabbed by the universal joint and his leg was suddenly and violently ground and shredded off by the exposed universal joint.

7.

Immediately after his leg was ground and/or shredded off and gone, plaintiff laid on the ground not knowing whether he was going to live or die.

8.

Along with the help of defendant, Molinary, a belt was used by plaintiff to stop the bleeding.

9.

A Mississippi state trooper passing on a nearby highway was flagged down, and an ambulance was called.

10.

Plaintiff was taken to the Natchez Hospital via ambulance where the remaining part of his leg was treated and the beginnings of a stump created as his left leg had been ground and/or shredded off by defendant, Kodiak's rotary cutter.

08/30/2010 13:21 FAX 5045868911     THE ANDRY LAW FIRM                    ☒011

11.

Just less than one year prior to that day, plaintiff had purchased the Kodiak rotary cutter.

12.

As a direct result of the subject accident, plaintiff, Glenn Schaefer, suffered serious and permanent physical, emotional and psychological damages for past, present, and future, including the sudden and violent loss of his left leg.

13.

Prior to and on the day and time of the accident, plaintiff Glenn Schaefer, was married to plaintiff, Julie Schaefer. As a direct result of the accident, plaintiff, Julie Schaefer, suffered serious emotional and psychological damages both past, present and future.

14.

Prior to and on the day and time of the accident, plaintiff, Glenn Schaefer, was the father of two minor children, Sarah Schaefer and Ethan Schaefer, and one major child, Seth Schaefer. As a direct result of the accident, plaintiffs, Sarah Schaefer, Ethan Schaefer and Seth Schaefer suffered serious emotional and psychological damages both past, present and future.

15.

As a direct result of defendants' negligence, Glenn Schaefer will require care for the rest of his life.

16.

Subsequent to the accident, and as a direct result thereof, plaintiff, Glenn Schaefer, is not the man that he used to be and hence cannot provide for and support his family in the manner that he could previously.

17.

Defendant, Kodiak, does business in this State with distributors located in at least Denham Springs, Louisiana.

18.

The injuries of plaintiffs were caused by the negligence of the defendant, Kodiak MFG, Inc., in the following non-exclusive particulars:

a) The subject rotary cutter was defective in design and manufacture;

b) Failure to guard against the defect in design and manufacture;

c) Failure to follow the industry standards and regulations in the design and manufacture regarding its failure to cover the subject universal joint and guard against the danger;

d) Failure to warn plaintiff of the design defect at the time of the design;

e) Failure to warn plaintiff of the design defect at the time of sale;

f) Failure to warn plaintiff of the defect post sale;

g) Failure to provide any warning to plaintiff as to the reasonably anticipated safe use of the subject rotary cutter;

h) Failure to warn or instruct plaintiff of the limited reasonably anticipated applications of the subject rotary cutter that failed in this matter;

i) Failure to warn plaintiff that the rotary cutter had no guard protecting plaintiff from the exposed universal joint;

j) Failure to warn plaintiff that the subject rotary cutter was inherently dangerous because of the exposed universal joint;

k) Failure to sell plaintiff a reasonably safe product;

l) Failure to recall the subject rotary cutter;

m) Negligence per se; and

n) Any and all other acts of negligence which will be proved at the trial of this matter.

19.

The injuries of plaintiffs were caused by the negligence of the defendant, Eugene Molinary, in the following non-exclusive particulars:

a) Negligent operation of the subject tractor and Kodiak rotary cutter;

b) Negligently having the rotary cutter in gear;

    c)     Failure to warn plaintiff that it was in gear; and

    d)     Any and all other acts of negligence which will be proved at the trial of this matter.

20.

As a result of the negligence of defendant, Kodiak, plaintiff, Glenn Schaefer, individually and on behalf of his minor children, suffered the following damages:

    a)     Past and present pain and suffering;

    b)     Future pain and suffering;

    c)     Past and present mental anguish;

    d)     Future mental anguish;

    e)     Past and present medical expenses;

    f)     Future medical expenses;

    g)     Past loss of capacity to earn income;

    h)     Past life care costs;

    i)     Future loss of capacity to earn income;

    j)     Future life care costs;

    k)     Permanent disability;

    l)     Disfigurement;

    m)     Loss of enjoyment of life; and

    n)     Any and all other damages which may be proved at the trial of this matter.

21.

As a result of the negligence of defendant, Kodiak, plaintiff, Julie Schaefer, suffered the following damages:

    a)     Past and present mental anguish;

    b)     Future mental anguish;

    c)     Past and present medical expenses;

    d)     Future medical expenses;

    e)     Past loss of capacity to earn income and life care costs;

    f)     Future loss of capacity to earn income;

    g)    Future life care costs;

    h)    Loss of consortium;

    i)    Loss of enjoyment of life;

    j)    Any and all other damages which will be proved at the trial of this matter.

22.

As a result of the negligence of defendant, Kodiak, plaintiff, Seth Schaefer, suffered the following damages:

    a)    Past and present mental anguish;

    b)    Future mental anguish;

    c)    Past and present medical expenses;

    d)    Future medical expenses;

    e)    Past loss of capacity to earn income and life care costs;

    f)    Future loss of capacity to earn income;

    g)    Future life care costs;

    h)    Loss of consortium;

    i)    Loss of enjoyment of life;

    j)    Any and all other damages which will be proved at the trial of this matter.

23.

The conduct of defendant, Kodiak, was willful and wanton and evidences a complete disregard for the safety of plaintiff, Glenn Schaefer, thereby warranting the imposition of punitive damages.

24.

Plaintiffs request that this matter be heard and decided by a jury.

**WHEREFORE**, plaintiffs, Glenn Schaefer, individually and on behalf of his two minor children, Sara Schaefer and Ethan Schaefer, and Julie Schaefer, and Seth Schaefer, pray that defendants, Kodiak MFG, Inc. and Eugene Molinary, be duly cited to appear and answer this petition, and that they be served with a copy of same; that after due proceedings had, there be a judgment herein in favor of plaintiffs and against the

defendants, Kodiak MFG, Inc., and Eugene Molinary, jointly, severally and in solido, for such damages as are reasonable; punitive damages; for legal interest thereon from the date of judicial demand until paid; for all costs of this proceeding; and for all general and equitable relief.

Respectfully submitted,

THE ANDRY LAW FIRM, L.L.C.

BY: _____
GILBERT V. ANDRY, IV (LSBN #20056)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 586-8911

**PLEASE SERVE:**

**Kodiak MFG, Inc.**
Through the Louisiana Long Arm Statute:
Dennis W. Tweed
8849 Candies Creek Ridge Rd. NW
Charleston, TN 37310-5163

**Eugene Molinary**
2004 Aramis Dr.
Meraux, Louisiana 70075

# EXHIBIT NO. 2

### 34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO. 116-229                                                          DIVISION "D"

**GLENN SCHAEFER, individually and on behalf of his minor children, SARA SCHAEFER and ETHAN SCHAEFER, JULIE SCHAEFER, individually and SETH SCHAEFER, individually**

**VERSUS**

**KODIAK MFG, INC. AND EUGENE MOLINARY**

FILED: _____AUG 3 0 2010_____           _____Gwen S. Loze_____
                                          DEPUTY CLERK

### FIRST SUPPLEMENTAL AND AMENDING PETITION

The First Supplemental and Amending Petition for Damages of plaintiffs, Glenn Schaefer, individually and on behalf of his two minor children, Sara Schaefer and Ethan Schaefer, and Julie Schaefer, and Seth Schaefer, persons of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, by and through undersigned counsel, respectfully represent that:

I.

The original Petition for Damages remains the same except that it is supplemented and amended in the following respects:

II.

Plaintiffs desire to amend Paragraph I of their original Petition for Damages by adding the following defendant:

"1.

Made additional defendants herein are:

. . .

c.  **AG EQUIPMENT USA,** a foreign corporation authorized to do and doing business in this Parish and State; and

d.  **TENNESSEE FARMERS COOPERATIVE,** a foreign corporation authorized to do and doing business in this Parish and State."

III.

Plaintiffs desire to add the following paragraphs to their original Petition for Damages, as follows:

25.

Prior to this incident, defendant, AG Equipment USA and Tennessee Farmers Cooperative, had knowledge that the subject Kodiak rotary cutter was dangerous to stand on and had no warning labels on the rotary cutter warning plaintiff to stay away from the universal joint.

26.

Prior to, at the time of, and subsequent to the purchase but prior to the incident, defendant, AG Equipment USA and Tennessee Farmers Cooperative, never instructed nor warned Glenn Schaefer nor any of its employees, in any way, verbally or with any written documentation, that the subject Kodiak rotary cutter had no guard or housing on the universal box or any type of protection protecting the universal box and that it should not be stepped on.

27.

As a direct result of the subject Kodiak rotary cutter and the failure of defendants, AG Equipment USA and Tennessee Farmers Cooperative to provide any instruction and/or warning regarding the dangers of stepping on the rotary cutter, plaintiff suffered serious physical, emotional, and psychological damages.

28.

The injuries of plaintiffs were caused by the negligence of the defendants AG Equipment and Tennessee Farmers Cooperative in the following non-exclusive particulars:

    a)     The subject rotary cutter was defective in design and manufacture;

    b)     Failure to warn its employees of the design defect at the time of sale;

    c)     Failure to warn plaintiff of the design defect at the time of sale;

    d)     Failure to warn plaintiff of the defect post sale;

    e)     Failure to provide any warning to plaintiff as to the reasonably anticipated safe use of the subject rotary cutter;

f)  Failure to warn or instruct plaintiff of the limited reasonably anticipated applications of the subject rotary cutter that failed in this matter;

g)  Failure to warn plaintiff that the rotary cutter had no guard protecting plaintiff from the exposed universal joint;

h)  Failure to warn plaintiff that the subject rotary cutter was inherently dangerous because of the exposed universal joint;

i)  Failure to sell plaintiff a reasonably safe product;

j)  Failure to recall the subject rotary cutter;

k)  Negligence per se; and

l)  Any and all other acts of negligence which will be proved at the trial of this matter.

29.

As a direct result of the negligence of the defendant, AG Equipment USA and Tennessee Farmers Cooperative, plaintiff, Glenn Schaefer, individually and on behalf of his minor children suffered the following damages:

a)  Past and present pain and suffering;

b)  Future pain and suffering;

c)  Past and present mental anguish;

d)  Future mental anguish;

e)  Past and present medical expenses;

f)  Future medical expenses;

g)  Past loss of capacity to earn income;

h)  Past life care costs;

i)  Future loss of capacity to earn income;

j)  Future life care costs;

k)  Permanent disability;

l)  Disfigurement;

m)  Loss of enjoyment of life; and

n)  Any and all other damages which may be proved at the trial of this matter.

08/30/2010 13:19 FAX 5045868911            THE ANDRY LAW FIRM                    ☒007

30.

As a result of the negligence of defendant, AG Equipment USA and Tennessee Farmers Cooperative, plaintiff, Julie Schaefer, suffered the following damages:

- a) Past and present mental anguish;
- b) Future mental anguish;
- c) Past and present medical expenses;
- d) Future medical expenses;
- e) Past loss of capacity to earn income and life care costs;
- f) Future loss of capacity to earn income;
- g) Future life care costs;
- h) Loss of consortium;
- i) Loss of enjoyment of life;
- j) Any and all other damages which will be proved at the trial of this matter.

31.

As a result of the negligence of defendants, AG Equipment USA and Tennessee Farmers Cooperative, plaintiff, Seth Schaefer, suffered the following damages:

- a) Past and present mental anguish;
- b) Future mental anguish;
- c) Past and present medical expenses;
- d) Future medical expenses;
- e) Past loss of capacity to earn income and life care costs;
- f) Future loss of capacity to earn income;
- g) Future life care costs;
- h) Loss of consortium;
- i) Loss of enjoyment of life;
- j) Any and all other damages which will be proved at the trial of this matter.

**WHEREFORE**, plaintiffs, Glenn Schaefer, individually and on behalf of his two minor children, Sara Schaefer and Ethan Schaefer, and Julie Schaefer, and Seth

4

Schaefer, pray that they be granted leave to file this First Supplemental and Amending Petition for Damages and that judgment be granted in their favor and against the original defendants, KODIAK MFG, INC. AND EUGENE MOLINARY, as well as AG EQUIPMENT USA and TENNESSEE FARMERS COOPERATIVE, and for all relief as prayed for in the original Petition for Damages in this matter.

                              Respectfully submitted,

                              THE ANDRY LAW FIRM, L.L.C.

BY: _____
      GILBERT V. ANDRY, IV (LSBN #20056)
      610 Baronne Street
      New Orleans, Louisiana 70113
      Telephone: (504) 586-8899
      Facsimile: (504) 586-8911

**PLEASE SERVE:**

**Kodiak MFG, Inc.**
Through its attorney of record:
Terry C. Gay
Christovich & Kearney
601 Poydras St., Suite 2300
New Orleans, LA 70130

**Eugene Molinary**
2004 Aramis Dr.
Meraux, Louisiana 70075

**AG Equipment USA**
Through the Louisiana Long Arm Statute:
David Moss
180 Old Nashville Hwy.
Lavergne, TN 37086-1983

**Tennessee Farmers Cooperative**
Through its agent for service:
Through the Louisiana Long Arm Statute:
David Moss
180 Old Nashville Hwy.
Lavergne, TN 37086-1983

# EXHIBIT NO. 3

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116-229

DIVISION "D"

GLENN SCHAEFER, individually and on behalf of his minor
children, SARA SCHAEFER and ETHAN SCHAEFER,
JULIE SCHAEFER, individually and SETH SCHAEFER, individually

VERSUS

KODIAK MFG, INC. AND EUGENE MOLINARY

FILED: OCT 0 7 2010 @ 3:30 pm

/S/Lisa L. Borden
DEPUTY CLERK

## MOTION FOR LEAVE TO FILE
## SECOND SUPPLEMENTAL AND AMENDED PETITION

NOW INTO COURT, through undersigned counsel, come plaintiffs, Glenn Schaefer, individually and on behalf of his two minor children, Sara Schaefer and Ethan Schaefer, who respectfully represent that movers seek to amend their original Petition for Damages for the second time. Amending the Petition for Damages will not unduly delay this proceeding.

WHEREFORE, plaintiffs pray that after consideration, this Honorable Court will allow them to amend their original Petition for Damages accordingly.

Respectfully submitted,

THE ANDRY LAW FIRM, L.L.C.

BY: _____
GILBERT V. ANDRY, IV (LSBA #20056)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 586-8911

FILED
OCT 07 2010
/S/Lisa L. Borden
DEPUTY CLERK
ST. BERNARD PARISH

## ORDER

Considering the attached Second Supplemental and Amending Petition for Damages,

IT IS ORDERED THAT plaintiffs' Second Supplemental and Amending Petition for Damages be filed as prayed for.

Chalmette, Louisiana, this _____ day of _____, 2010.

_____
JUDGE

### 34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO. 116-229  DIVISION "D"

GLENN SCHAEFER, individually and on behalf of his minor
children, SARA SCHAEFER and ETHAN SCHAEFER,
JULIE SCHAEFER, individually and SETH SCHAEFER, individually

#### VERSUS

#### KODIAK MFG, INC. AND EUGENE MOLINARY

FILED: _____   _____
  DEPUTY CLERK

### SECOND SUPPLEMENTAL AND AMENDING PETITION

The First Supplemental and Amending Petition for Damages of plaintiffs, Glenn Schaefer, individually and on behalf of his two minor children, Sara Schaefer and Ethan Schaefer, and Julie Schaefer, and Seth Schaefer, persons of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, by and through undersigned counsel, respectfully represent that:

I.

The original Petition for Damages and First Supplemental and Amending Petition remains the same except that it is supplemented and amended in the following respects:

II.

Plaintiffs desire to amend Paragraph I of their original Petition for Damages by adding the following defendant:

"1.

Made additional defendants herein are:

. . .

e.  **SENTRY INSURANCE, A MUTUAL COMPANY,** a foreign insurance company authorized to do and doing business in this Parish and State."

III.

Plaintiffs desire to add the following paragraphs to their original Petition for

Damages, as follows:

32.

On the day and at the time of this accident defendant, Kodiak MFG, Inc. had in full force and effect a policy of liability insurance with Sentry Insurance, A Mutual Company, insuring defendant for the type of negligence complained of herein.

**WHEREFORE**, plaintiffs, Glenn Schaefer, individually and on behalf of his two minor children, Sara Schaefer and Ethan Schaefer, and Julie Schaefer, and Seth Schaefer, pray that they be granted leave to file this Second Supplemental and Amending Petition for Damages and that judgment be granted in their favor and against the original defendants, KODIAK MFG, INC., EUGENE MOLINARY, AG EQUIPMENT USA and TENNESSEE FARMERS COOPERATIVE, as well as Sentry Insurance, A Mutual Company, and for all relief as prayed for in the original Petition for Damages in this matter.

Respectfully submitted,

THE ANDRY LAW FIRM, L.L.C.

BY: _____
GILBERT V. ANDRY, IV (LSBN #20056)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 586-8911

*PLEASE SEE SERVICE INSTRUCTIONS
ON NEXT PAGE*

2

PLEASE SERVE:

**Kodiak MFG, Inc.**
Through its attorney of record:
Terry C. Gay
Christovich & Kearney
601 Poydras St., Suite 2300
New Orleans, LA 70130

**Eugene Molinary**
2004 Aramis Dr.
Meraux, Louisiana 70075

**AG Equipment USA**
Through the Louisiana Long Arm Statute:
David Moss
180 Old Nashville Hwy.
Lavergne, TN 37086-1983

**Tennessee Farmers Cooperative**
Through its agent for service:
Through the Louisiana Long Arm Statute:
David Moss
180 Old Nashville Hwy.
Lavergne, TN 37086-1983

**Sentry Insurance, A Mutual Company**
through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

3