UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GLENN SCHAEFER, ET AL.                CIVIL ACTION

VERSUS                                 NO: 11-619

KODIAK MFG, INC., ET AL.               SECTION: R(4)

**ORDER AND REASONS**

Before the Court is plaintiff Glenn Schaefer's motion to remand.[1] Because defendant Kodiak MFG, Inc. has not met its heavy burden to establish that there is no reasonable probability Schaefer could recover from nondiverse defendant Eugene Molinary, the motion is GRANTED.

**I.   BACKGROUND**

On July 27, 2010, Schaefer filed this action along with his wife and children in the 34th Judicial District Court for St. Bernard Parish against defendants Kodiak and Molinary.[2] Plaintiffs are residents and domiciliaries of Louisiana.[3] Kodiak is a Tennessee corporation with its principal place of business

---

[1]   (R. Doc. 4.)

[2]   (R. Doc. 1-1.)

[3]   (*Id.* at 2.)

also in Tennessee.[4]  Molinary is a domiciliary of Louisiana.[5]  Schaefer alleges that, on August 21, 2009, Molinary was operating a tractor and rotary cutter attachment owned by Schaefer and manufactured by Kodiak.[6]  According to the petition, Schaefer and Molinary were preparing an area for deer hunting using the rotary cutter.[7]  Schaefer alleges that he "was in a wooded area and when he returned from the wood area, stepped onto the rotary cutter."[8]  Schaefer further alleges that "[u]nbeknownst to [him], at the time he stepped on the Kodiak rotary cutter, [ ] Molinary had the tractor and rotary cutter in gear."[9]  According to Schaefer, when he stepped onto the rotary cutter, his "pant leg was grabbed by the [rotary cutter's] universal joint and his leg was suddenly and violently ground and shredded off by the exposed universal joint."[10]  Schaefer asserts various theories of negligence against Kodiak related to its manufacture and design of the rotary cutter.  Schaefer also claims that Molinary was negligent

---

[4]     (*Id.*)

[5]     (*Id.*)

[6]     (*Id.* at 2-3.)

[7]     (*Id.* at 3.)

[8]     (*Id.*)

[9]     (*Id.*)

[10]     (*Id.*)

in leaving the rotary cutter in gear and for failing to warn him of that fact.[11]

On March 18, 2011, Kodiak removed the action to this Court on the basis of diversity jurisdiction.[12]  Kodiak claims that the Court should disregard Molinary's nondiverse citizenship because Schaefer improperly joined Molinary.  Kodiak contends that it "learned that Mr. Molinary is not a proper defendant whose citizenship must be considered for the purposes of establishing diversity jurisdiction" following Schaefer's deposition on February 21 and 22, 2011.[13]  Specifically, Kodiak points to Schaefer's following statements:

> Q. What do you believe that Mr. Molinary did wrong in this accident?
>
> A. I don't – I don't think he did anything wrong.  I think he did everything to save my life.
>
> Q. And I'm talking that – in his behavior leading up to the accident sequence.  Was there anything that you're aware of, as you sit here today, that you believe he did wrong?
>
> A. No.  I don't – I don't feel like he did – he was negligent, or did anything that he shouldn't have done.[14]

---

[11]   (*Id.*)

[12]   (R. Doc. 1.)

[13]   (*Id.* at 2.)

[14]   (*Id.* at 4-5; R. Doc. 1-2 at 44.)

Kodiak also highlights that, according to Schaefer's description of the events leading up to his injury, Molinary did not have any advance notice that Schaefer was going to step onto the rotary cutter, Molinary did not turn anything on the tractor on or off, and Molinary had no time to react when Schaefer's leg got caught in the cutter.[15]  Kodiak further states that, during Schaefer's attorney's deposition of Molinary, Schaefer's attorney "failed to ask any questions of Mr. Molinary to elicit facts that could be used to refute Mr. Schaefer's denial of negligence or any basis of liability on the part of Mr. Molinary."[16]  Kodiak concludes that the action is removable because Schaefer has "acted in a manner as to indicate no intention of proceeding against" Molinary.[17]  In addition, Kodiak points to the report of Schaefer's expert, Richard L. Parish, Ph.D., P.E., who opines that Schaefer's accident was caused primarily by the lack of an "IIC shield or guard" on the rotary cutter.[18]  Dr. Parish also identifies Schaefer's action in stepping onto the deck of the rotary cutter and the lack of a "No Riders" warning as contributing factors.[19]  Kodiak highlights that Dr. Parish does

---

[15]    (R. Doc. 1 at 7-10.)

[16]    (*Id.* at 9.)

[17]    (*Id.* at 9-10.)

[18]    (R. Doc. 1-3 at 10.)

[19]    (*Id.* at 11.)

not identify "any contributing fault on the part of Mr. Molinary."[20]

Schaefer now moves to remand this action to state court, arguing that Kodiak's removal was untimely and that it cannot demonstrate that he has no reasonable probability of recovery against Molinary.[21]

## II.  LEGAL STANDARD

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final

---

[20]   (R. Doc. 1 at 5.)

[21]   (R. Doc. 4.)

judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.   Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under 28 U.S.C. § 1332. A defendant may remove, however, by showing that the nondiverse party was improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because this doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* Improper joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[22] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id.* at 462-63. The Court must determine whether

---

[22]   The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). The term "fraudulent joinder," however, is still used in many Fifth Circuit cases.

there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id.*

**II. DISCUSSION**

**A. Timeliness**

Under 28 U.S.C. § 1446(b), a notice of removal must typically be filed within 30 days of the defendant's receipt of a

copy of the initial pleading.  Schaefer asserts that, because the notice of removal was filed on March 18, 2011,[23] more than 30 days after Kodiak received a copy of the pleadings, the case must be remanded to state court.  Section 1446(b), however, also provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

A plaintiff's deposition testimony may constitute "other paper" under section 1446(b) if it gives rise to new facts warranting removal.  *See Ameen v. Merck & Co., Inc.*, 226 F. App'x 363, 368 (5th Cir. 2007) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).  In the context of the "other paper" doctrine generally, a case becomes removable only when a "voluntary act" of the plaintiff makes it ascertainable for the first time that a case is removable.  *S.W.S. Erectors*, 72 F.3d at 494.  In the improper joinder context specifically, however, the Fifth Circuit has not imposed the voluntary act requirement.  *See Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that the removal period commenced when a nondiverse defendant's affidavit revealed fraudulent joinder to the diverse defendant).  Other courts are in accord that the voluntary act

---

[23]   (R. Doc. 1.)

requirement does not apply in the improper joinder context. *See Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) ("Fraudulent joinder is a well established exception to the voluntary-involuntary rule."); *Leong v. Taco Bell*, 991 F. Supp. 1237, 1238 (D. Or. 1998) (citing *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978)) (describing the voluntary-involuntary rule as applying only "in the absence of fraudulent joinder"); *Custom Blending Int'l, Inc. v. E.I. Dupont Nemours & Co. and Cliff Walker*, 958 F. Supp. 288, 289-90 (S.D. Tex. 1997) (holding that removal period commenced when a non-diverse defendant's affidavit revealed fraudulent joinder to the diverse defendant); *Todd Holding Co., Inc. v. Super Valu Stores, Inc.*, 744 F. Supp. 1025, 1027 (D. Colo. 1990) (quoting *Ashman by Ashman v. Sterling Drug, Inc.*, 681 F. Supp. 1331, 1336 (C.D. Ill. 1988)) (describing fraudulent joinder as an exception to the voluntary-involuntary rule that "allows removal without a voluntary act on plaintiff's part"). Moreover, even if a voluntary act were required in this case, as Schaefer suggests, the Fifth Circuit has held that a plaintiff's deposition testimony qualifies as such. *See S.W.S. Erectors*, 72 F.3d at 494 (setting forth the voluntary act requirement and holding that a transcript of plaintiff deposition was other paper restarting the period of removal). Based on this case law, the Court will consider Schaefer's deposition testimony as other paper

triggering a second removal period. Further, because Kodiak filed its notice of removal within 30 days of the date Schaefer's deposition was taken,[24] Kodiak's removal was timely under section 1446(b).

## B.  Cause of Action for Molinary's Negligence

Kodiak maintains that removal was proper because Schaefer has acted in a manner as to indicate no intention of proceeding against Molinary and because there is no basis for finding Molinary liable for negligence. The Court rejects Kodiak's contention for a number of reasons. First, Kodiak bases its removal primarily on Schaefer's testimony that Molinary did nothing wrong and did not act negligently. Schaefer's statements, however, are legal conclusions and are therefore not competent evidence as to Molinary's alleged negligence. *Cf. Baker v. State Dept. of Health & Human Resources*, 921 So. 2d 1209 (La Ct. App. 2006) (finding inadmissible a lay witnesses testimony regarding the ultimate legal conclusion that defendant was negligent); *United States v. Spitzes*, 245 F. App'x 908, 911 (11th Cir. 2007) (noting that a party cannot meet its burden on summary judgment by "simply relying on legal conclusions"); *Delta*

---

[24]  (R. Doc. 4.)

*Towing, LLC v. Justrabo*, 2009 WL 3763868, at *3 (E.D. La. 2009) (explaining that Federal Rule of Evidence 704(a) does not permit witnesses to give ultimate legal conclusions) (citing *United States v. Williams*, 343 F.3d 423 (5th Cir. 2003)).  Moreover, even though the parties have not submitted Schaefer's complete testimony, there is evidence before the Court to support Schaefer's theory of Molinary's negligence.  It is not disputed that Molinary was operating the tractor before the accident.  And Schaefer testified that, when Schaefer emerged from the woods, Molinary got off the tractor while it was still running.[25] Kodiak's "Owner's Manual & Part's List" for the rotary cutter explicitly instructs operators to "[s]top engine, set break and wait for all moving parts to stop before dismounting" in order to "prevent serious injury or death."[26]  Additionally, contrary to Kodiak's assertion, Dr. Parish's report does not suggest a lack of liability on Molinary's part, especially given that the report focused on possible engineering, as opposed to operational, defects associated with the rotary cutter.  Although Dr. Parish did not identify Molinary by name in his report, the report does

---

[25]    (R. Doc. 1-2 at 23.)

[26]    (R. Doc. 4-3 at 2.)

note that the tractor was stationary and idling at the time of the accident.[27]

Kodiak also argues that Molinary was improperly joined because it was Schaefer, and not Molinary, who was primarily at fault.[28] Kodiak points to Schaefer's testimony that he knew the tractor and cutter were running at idle speed when he stepped onto the cutter, suggesting that Schaefer should have known to avoid the cutter.[29] Kodiak also quotes another portion of the rotary cutter's operating instructions, which states that the owner is responsible for the safe operation of the equipment and that the owner must ensure that everyone operating it is familiar with the recommended operating procedures.[30] Yet, that Schaefer may have been partially at fault does not preclude the possibility that Molinary also contributed to Schaefer's injuries. Even if Schaefer was contributorily negligent in stepping on the rotary cutter while it was running and in not ensuring that Molinary was aware of the proper operating procedures, it is still plausible that Molinary contributed to

---

[27]   (R. Doc. 1-3 at 4, 10.)

[28]   (R. Doc. 1 at 7-10; R. Doc. 8 at 5-8.)

[29]   (R. Doc. 8 at 5.)

[30]   (*Id.* at 8.)

the accident through his alleged negligence and that Schaefer could recover a portion of his damages from him.  *Cf.* La. Civ. Code art. 2323 ("If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering injury, death, or loss.").

Finally, Kodiak appears to suggest that Schaefer engaged in actual fraud by naming Molinary as a defendant, highlighting that Molinary is Schaefer's close friend and cousin.  Kodiak, however, has provided nothing beyond mere speculation to support that theory.  Considering the evidence in the light most favorable to Schaefer, the Court finds that Kodiak has not met its heavy burden of establishing that there is no reasonable probability of actual recovery against Molinary.  Remand is therefore appropriate.

**C.   Attorneys' Fees and Costs**

In its motion to remand, Schaefer asks the Court for an award of just costs and actual expenses, including attorneys' fees, incurred as a result of Kodiak's improper removal under 28

U.S.C. § 1447(c).[31]  According to the Supreme Court, "[t]he appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 133 (2005).  The standard thus turns on the reasonableness of removal, and fees should be awarded if the removing defendant lacked objectively reasonable grounds to believe the removal was legally proper.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).  Although the Court finds that removal is not proper in this case, there is nothing in the record to suggest that Kodiak removed this action in an attempt to prolong the litigation or impose costs on the opposing party, or that the attempt to remove was objectively unreasonable.  As such, an award of attorneys' fees and costs would be improper.

---

[31]    (R. Doc. 13-1 at 22.)

**III. CONCLUSION**

For the foregoing reasons, Schaefer's motion to remand is GRANTED. The Court DENIES Schaefer's request for attorneys' fees and costs.

New Orleans, Louisiana, this <u>2nd</u> day of May, 2011.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE